**DAVID J. HOLDSWORTH** (4052)
9125 South Monroe Plaza Way, Suite C
Sandy, UT  84070
Telephone (801) 352-7701
Facsimile (801) 567-9960
david_holdsworth@hotmail.com
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | | |
|---|---|---|
| ENANNA YACOUBIAN, | : | **COMPLAINT** |
| | : | **(JURY TRIAL DEMANDED)** |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PALAMERICAN SECURITY, INC., | : | Civil No. 2:26-cv-184 |
| | : | |
| Defendant. | : | Hon. |

COMES NOW the Plaintiff, Enanna Yacoubian, complains of Defendant

PalAmerican Security, Inc., demands trial by jury, and as and for causes of action

alleges as follows:

Plaintiff, by and through her counsel of record, David J.  Holdsworth,

brings this civil action and files this Complaint against the Defendant alleging

violations of Title VII of the Civil Rights Act of 1964, as amended, which provides

that it is unlawful to: discriminate against an employee in her employment on the basis

of her sex and religion (expression of religious liberty inside the workplace) and to retaliate against an employee for engaging in protected activity.

## I. PARTIES

1.      Enanna Yacoubian is a citizen of the United States and, at all times relevant hereto, was a resident of the State of Utah.

2.      The entity Plaintiff names as Defendant herein is PalAmerican Security, Inc.  PalAmerican Security, Inc., is an "employer" within the meaning of Title VII which does business in the State of Utah.  On information and belief, Plaintiff alleges that, at all times relevant hereto, PalAmerican Security, Inc. (hereinafter "Defendant"), employed 15 or more employees, including Plaintiff.

## II.  JURISDICTION AND VENUE

3.      This action is brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, for discrimination in employment and for retaliation. Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000 e (5). Equitable and other relief are also sought under 42 U.S.C. § 2000 e (5) (g). Jurisdiction is also based on 28 U.S.C. §§ 1331, 1332 and 42 U.S.C. § 1981, et. seq.

4.      Venue is proper in this Court in that the actions and decisions giving rise to the liability alleged herein occurred within the federal district of Utah.

## III. EXHAUSTION OF ADMINISTRATIVE PROCESS AND REMEDIES

5.    On June 4, 2025, Plaintiff filed a Charge of Discrimination with the Utah Antidiscrimination and Labor Division of the Utah Labor Commission ("UALD") in which she alleged that Defendant had discriminated against her based on her sex and religion (expression of religious liberty inside the workplace) and had retaliated against her for engaging in protected activity.

6.    Plaintiff filed her Charge of Discrimination within 180 days from the last date of the alleged harm.  Plaintiff alleges the Court may exercise jurisdiction over all non-discrete discriminatory actions constituting a continuing violation beginning before December 4, 2024, the date which is 180 days before Plaintiff filed her Charge of Discrimination, and which continued past December 4, 2024, and over all discrete discriminatory actions occurring on or after December 4, 2024.  The Court may treat all alleged discrete discriminatory actions occurring before this date as being untimely for purposes of relief, but may give weight to evidence of such for evidentiary purposes.  Plaintiff alleges all jurisdictional requirements have been met as required by Title VII of the Civil Rights Act of 1964.

7.    Plaintiff alleges that, on or about December 10, 2025, the Equal Employment Opportunity Commission ("EEOC") issued her a Notice of Right to Sue letter, which she received a few days thereafter.  She is filing this action within 90 days

of receiving said Notice of Right to Sue letter.  Plaintiff alleges she has exhausted all administrative processes and remedies.

## IV.  STATEMENT OF FACTS

8.    Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 7 above as if alleged in full herein.

9.    Plaintiff alleges that her sex is female and that her religion is Christian.

10.    Plaintiff alleges that, in approximately August 2024, Defendant hired her to work as an unarmed security guard.

11.    Plaintiff alleges that, thereafter, she worked continuously and successfully for Defendant for several months.

12.    Plaintiff alleges that, during her employment, Defendant treated Plaintiff disparately and more harshly than it treated male coworkers.

13.    Plaintiff alleges that, during her employment with Defendant, she sought to express her religious faith in the workplace.

14.    Plaintiff alleges that, because of her engagement in doing so, Defendant retaliated against her by taking adverse action against her.

15.    Plaintiff alleges that, on or about March 23, 2025, Defendant terminated her employment.

## V.  CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### DISCRIMINATION BASED ON SEX AND RELIGION
### (DISPARATE TREATMENT, EXPRESSION OF
### RELIGIOUS LIBERTY IN THE WORKPLACE)

16.     Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 15 above as if alleged in full herein.

17.     Plaintiff alleges she is female, her racial heritage is Middle Eastern, and she is Christian in her religious beliefs.

18.     To state a prima facie case of discrimination based on sex and religion (expression of religious liberty inside the workplace), Plaintiff alleges that: (1) she expressed her religious beliefs and commitments in the workplace in a reasonable, non-disruptive and non-harassing way; (2) on equal terms with similar types of expression of beliefs or commitments allowed by Defendant in the workplace; and (3) such expression was not in direct conflict with the essential business-related interests of the employer; and (4) Defendant did not permit her to do so.  *See* Utah Code § 34A-5-112 (1).

19.     Plaintiff alleges that, during her employment, Defendant treated Plaintiff disparately and more harshly than it treated male coworkers.

20.     Plaintiff alleges Defendant treated her differently and less favorably than it treated similarly situated individuals.  As the 10th Circuit Court of

5

Appeals reasoned in *Kendrick v. Penske Transportation Services, Inc.,* 220 F.3d 1220, 1230-32 (10th Cir. 2020), "Individuals are considered 'similarly-situated' when they (1) have dealt with the same supervisor; (2) were subjected to the same work standard; and (3) had engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it", *Mackenzie v. Denver,* 414 F.3d 1266, 1279 (10th Cir. 2005).

21.  To satisfy the fourth element, Plaintiff alleges the circumstances support the drawing of an inference of discrimination.  "Liability in a disparate treatment case depends on whether the protected trait actually motivated the employer's decision.  *Raytheon Co. v. Hernandez,* 540 U.S. 44, 52 (2003) (*ellipses and internal quotation marks omitted*).

22.  To satisfy the fourth element of a claim of violation of religious liberties inside the workplace, Plaintiff alleges that, as alleged above, Defendant did not permit her to express her religious beliefs and commitments in the workplace.  *Id.*

23.  For example, Plaintiff further that, in or about March 2025, which was at her workplace and engaged in work-related activities, Defendant's agent told her that she could not wear a necklace with a Christian cross while at work.

24.  Plaintiff also alleges that, on or about March 15, 2025, while Plaintiff was at her workplace and engaged in work-related activities, she was reading

a magazine about President Trump.  As she was doing so, her supervisor took the magazine from her and stated that she could not view political items while at work.

25.    Plaintiff alleges that she desired to make a religious and political expressions in the workplace in a reasonable, non-disruptive and non-harassing way, on equal terms with similar types of expression or beliefs or commitments allowed by Defendant in its workplace, but Defendant did not permit her to do so.

26.    As such, Plaintiff's allegations satisfy the elements of a claim of discrimination on the basis of sex and religion (expression of religious liberty in the workplace).

27.    Thus, Plaintiff alleges that the circumstances support an inference that Defendant took adverse action against her based on her sex and religion (expression of religious liberty inside the workplace).

28.    Plaintiff's allegations state a prima facie case of discrimination on the basis of sex and religion (expression of religious liberty inside the workplace).

### SECOND CAUSE OF ACTION
### PLAINTIFF'S ALLEGATIONS REGARDING
### RETALIATION

29.    Plaintiff incorporates by this reference all allegations listed in paragraphs 1 through 28 above as if alleged in full herein.

30.    To state a prima facie case of retaliation, Plaintiff alleges that: (1) she engaged in protected activity; (2) after Plaintiff began doing so, Defendant took adverse action against her; an d(3) a causal connection exists between Plaintiff's protected activity and Defendant's adverse actions towards her.

31.    Plaintiff's allegations set forth above satisfy the first two elements of her prima facie case of retaliation.

32.    Plaintiff alleges that her engagement in protected activity actually motivated Defendant's decision to terminate Plaintiff's employment.

33.    Thus, Plaintiff alleges that Defendant terminated her employment because of her engagement in protected activity.

34.    As such, Plaintiff's allegations satisfy the third element of a prima facie claim of retaliation.

35.    Plaintiff's allegations state a prima facie claim of retaliation.

## VI.  DAMAGES

36.    Ms. Yacoubian alleges Defendant's actions and inactions have caused her various losses, injuries and other damages, including lost wages, lost benefits, financial stress, and significant emotional distress.

## VII.  RELIEF REQUESTED

Accordingly, based on the above allegations, claims and damages, Plaintiff requests the following relief, specifically an Order and Judgment:

1.      Declaring that Defendant discriminated and retaliated against Ms. Yacoubian on the basis of her sex and religion (expression of religious liberty inside the workplace) and her engagement in protected activity, in violation of the Title VII of the Civil Rights Act;

2.      Awarding Ms. Yacoubian "make whole" relief by;

(a)      Awarding Ms. Yacoubian the lost wage and lost benefit differential from the time Defendant terminated Ms. Yacoubian's employment until Ms. Yacoubian secures comparable employment, or for a period of five years, whichever occurs first; and

(b)      Awarding Ms. Yacoubian damages for emotional distress;

3.      Awarding Ms. Yacoubian her reasonable attorney's fees and costs;

4.      Awarding Ms. Yacoubian such other relief as may be just and equitable.

DATED this 4th day of March, 2026.

   /s/ David J. Holdsworth
David J.  Holdsworth
*Attorney for Plaintiff*

9

## VERIFICATION

Enanna Yacoubian, being first duly sworn, upon her oath, deposes and says that she is the Plaintiff in the above-entitled action, that she helped prepare and has read the foregoing COMPLAINT and understands the contents thereof, and the statements made therein are true to the best of her knowledge and recollection.

*/s/ Enanna Yacoubian*
Enanna Yacoubian

SUBSCRIBED AND SWORN to before me, a Notary Public, this _____ day of _____, 20___.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES:     RESIDING AT: _____

_____